**STEWART, Exr. v PURGET et**

Ohio Appeals, 2nd Dist, Clark Co

No 422. Decided May 16, 1941

No 403. Same parties Appellees and Appellants.

Anderson, McKee & Schwer, Springfield, for Robert Purget.

Frank L. Nevius, Springfield; Cole & Hodge, Springfield, for certain defendants.

**OPINION**

By BARNES, J.

The above entitled two causes are now being determined on separate appeals.

No. 422 is on appeal from the Common Pleas Court of Clark County, Ohio, dismissing appeal of certain defendants from a judgment of the Probate Court of Clark County, Ohio.

The dismissal was on the ground that there was no authority in law to appeal de novo from a judgment of the Probate Court to the Common Pleas Court.

No. 403 is a direct appeal from the Probate Court to our court.

A motion is presented to dismiss this appeal for the reason that the entire cause had been removed from the Probate Court to the Common Pleas Court for hearing de novo prior to the attempted appeal under No. 403.

It is conceded by counsel for appellees in No. 403 that if the appeal on questions of law and fact from the Probate Court was properly lodged in the Common Pleas Court, that then the appeal in No. 403 should be dismissed.

The reverse of the proposition is likewise true that if the Court of Common Pleas was correct in dismissing the appeal on the ground of lack of jurisdiction, then the appeal on questions of law in No. 403 will stand.

We will first consider cause No. 422.

The original proceeding in the Probate Court of Clark County was brought by R. N. Stewart, executor, against the known heirs or those claiming to be heirs and all devisees and legatees under the will of John W. Holden, deceased. The action was entitled "Proceeding to determine heirship". Copy of the will of John W. Holden, deceased, was attached. The prayer of the petition was in the following language—

"The plaintiff prays that the court determine who are the heirs and distributees of such decedent or the devisees or legatees not named in the will, as the case may be, and their respective interests in the estate, according to the statute in such cases made and provided, and for other proper orders and relief in the premises."

Authority for bringing an action of this character will be found in §10509-95 GC. This section reads as follows—

"10509-95. Whenever property passes by the laws of intestate succession, or under a will to a beneficiary or beneficiaries not named in such will, proceedings may be had in the probate court to determine the persons entitled to such property."

Cogent sections 10509-96-97-98-99-101 GC, provide procedural steps and are closely related.

Sec. 12223-3 GC, which provides for appeals generally under the new procedural act, provides an exception as to appeals from the probate court as follows—

"Except that appeals from judgment of probate courts * * * upon questions of law and fact shall be taken in the manner now provided for in §10501-56 to §10501-61 GC, inclusive."

Sec. 10501-56 GC, is the section which confers and defines the jurisdiction of the Court of Common Pleas on appeals from the Probate Court. This section enumerates the orders, decisions or judgments of the Probate Court which may be appealed de novo to the Common Pleas Court.

A proceeding to determine heirship is not contained in the section as one that may be appealed de novo to the Court of Common Pleas.

It is admitted that the above section neither directly nor inferentially covers appeals in proceedings to declare heirship. However, it is the claim of appellants that notwithstanding the title and prayer of the original petition in the Probate Court, the proceeding was in fact one to construe a will, and under the provisions of §10504-66 GC, an appeal to the Common Pleas Court is authorized. This section reads as follows—

"10504-66. Action by fiduciary. Any fiduciary may maintain an action in the probate court or court of common pleas against the creditors, legatees, distributees or other parties, asking the direction or judgment of the court in any matter respecting the trust, estate or property to be administered, and the rights of the parties in interest, in the manner, and as fully, as formerly was entertained in courts of equity."

It is now obvious that the question for our determination turns on whether or not the proceeding was one to determine heirship as stated in the petition, or a proceeding to construe the will of John W. Holden, as urged by the appellants.

It is argued by counsel for appellants that the nature of the proceeding is not necessarily to be determined by what the pleader calls it, but rather by what it in fact is. We recognize the principle as well grounded. In other words, it is always proper to look to the substance rather than to the form. However, it is our view that the proceeding in the instant case, not only in form but in substance, was one to determine heirship. The fact that the wording of the will required consideration was only incidental and evidential on the question to be determined. This is true in any case where the decedent left a will. If a will is involved it would be impossible for the court to determine heirship without giving consideration to the instrument. The Legislature in enacting the law giving the courts power to determine heirship must have had in mind this very situation when it provided, under §10509-95 GC, "or under a will", that it would be necessary to consider and possibly construe the will.

We might further state that under the pleadings and the record in the instant case we find nothing uncertain or ambiguous under the will, but on the other hand it was, exclusively a question of determination as to who is entitled to share in the estate under the plain language of the will.

Our court had under consideration a kindred question in the case of **In re Estate of Meier, etc.,** 65 Oh Ap 425 (Ohio Bar. December 2, 1940). In the first syllabus we determined that a proceeding under §10509-95 et seq. GC, to determine heirship is not appealable to the Court of Common Pleas on questions of law and fact under the provisions of §10501-56 GC. While the factual questions are to be distinguished from the instant case, the principle is the same.

We affirmed the Common Pleas Court in dismissing the appeal.

Another interesting case establishing the limitation of appeal will be found **"In the Matter of Guardianship of Watts"**, 60 Oh Ap 307.

We also refer to the case of **Wagner v Schrembs et**, 44 Oh Ap 44.

The judgment of the Court of Common Pleas in Case No. 422 will be affirmed and costs adjudged against the appellant.

In case No. 403, the motion to dismiss the appeal will be overruled and costs adjudged against the appellees.

Appellees will be given the usual period within which to file answer brief, after which appellants may file reply brief within rule.

Separate entries in the two cases may be drawn in accordance with the above finding.

GEIGER, PJ., HORNBECK, J., concur.